KING, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶35. This appeal should be dismissed as untimely; but because this Court reaches the merits of the issue of what procedure to employ when a convicted defendant dies while the appeal is pending and no one moves to substitute, I believe that this Court should address each appeal on a case-by-case basis. Accordingly, I respectfully dissent in part.
 

 ¶36. Payton filed an untimely notice of appeal. The Mississippi Rules of Appellate Procedure provide that "[a]n appeal
 
 shall
 
 be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." Miss. R. App. P. 2(a)(1) (emphasis added). In criminal cases, this Court may suspend that rule "[i]n the interest of expediting decision, or for other good cause shown[.]" Miss. R. App. P. 2(c). Because dismissing this appeal accomplishes the same result as the majority reaches on the merits, I do not find any "good cause shown" for suspending the Mississippi Rules of Appellate Procedure and allowing this untimely appeal. Nor does allowing the untimely appeal expedite any decision, as dismissing the appeal would be the more expeditious procedure.
 

 ¶37. Alternatively, because the Court does reach the merits, I disagree with the all-or-nothing approach the majority and our caselaw employ. The majority bases its decision to overrule
 
 Gollott
 
 and the abatement
 
 ab initio
 
 doctrine primarily on a recognition of crime victims' rights. While I completely agree with the majority that crime victims' rights should certainly be part of our analysis in these cases, I do not agree that those rights
 
 always
 
 mandate dismissing an appeal as moot when a defendant has died and no substitution has been made. For example, how do crime victims' rights outweigh a defendants' rights in the case of a victimless crime such as possession of a small amount of marijuana? The majority fails to address how victims' rights
 
 automatically
 
 outweigh those of the defendant and/or his heirs in a victimless crime. For this reason, I believe we should determine the appropriate course in the rare instance when a convicted defendant dies pending appeal and no substitution is made on a case-by-case basis. A case-by-case approach would strike the appropriate balance between the rights of victims and defendants, instead of automatically applying either abatement
 
 ab initio
 
 or dismissing the appeal as moot.
 

 ¶38. Rule 43(a) of our Rules of Appellate Procedure provides for substitution when a party dies pending appeal. Miss. R. App. P. 43(a). However, "[i]f the deceased party has no representative, any party may suggest the death on the record and proceedings
 shall then be had
 
 as the appropriate appellate court may direct
 
 ."
 

 Id.
 

 (emphasis added). This Court need not adopt a bright line rule for these cases; our Rules allow us to make an appropriate determination in each case. The Court in
 
 Gollott
 
 correctly observed that
 

 [T]here are valid policy considerations in favor of both the abatement
 
 ab initio
 
 doctrine and our present law in the area [dismissing the appeal as moot and leaving the conviction intact], as well as problems with each. Upon the death of a defendant pending appeal, it is no more reasonable to deem the appeal moot and let the conviction stand, acting as though we have heard the appellant's arguments and found them meritless, than it is to automatically follow the abatement
 
 ab initio
 
 rule and pretend the defendant was never indicted, tried and found guilty."
 

 Gollott v. State
 
 ,
 
 646 So.2d 1297
 
 , 1303-04 (Miss. 1994). Our rules do not demand an all-or-nothing approach, nor does justice require that we adopt an all-or-nothing approach in these uncommon situations. This Court should determine whether abatement
 
 ab initio
 
 or dismissing the appeal as moot is the appropriate action in each individual case. In doing so, this Court should consider, and the parties should present, relevant arguments describing with particularity the rights of the victim or victims impacted, the defendant's constitutional rights impacted, the collateral effects on the defendant's estate or heirs, and any other relevant issues.
 

 ¶39. I believe that this Court should exercise judicial restraint and dismiss this appeal as untimely under Mississippi Rule of Appellate Procedure 2(a)(1). However, because this Court reaches the merits of the abatement
 
 ab initio
 
 issue, I believe we should abandon the bright line rules of
 
 Gollott
 
 ,
 
 Haines
 
 , and
 
 Berryhill
 
 , and adopt a measured case-by-case analysis regarding whether dismissing a case as moot or abatement
 
 ab initio
 
 is appropriate.
 
 [20]
 
 In the present case, I agree that dismissing the appeal as moot is appropriate; given that Payton did not timely file his post-trial motions or his appeal, I fail to see how dismissing his appeal as moot would infringe upon his rights.
 

 KITCHENS, P.J., JOINS THIS OPINION.
 

 Of course, to avoid such a case-by-case review, the State or the attorney for the defendant may move for substitution. Miss. R. App. P. 43(a).